JOHN DOE, *ex-dem.* WILLINGHAM *et al.* *vs.* RICHARD ROE, casual ejector, and J. S. NOYES, tenant in possession.

1. When a deed had been submitted to a jury conveying lot number one, in the village of Cedartown, and a fraction west of said lot, and it was proven that there were two fractions belonging to the grantor, one small and immediately west, of a triangular shape, lying between lot number one and a public road, and one nearly equal in size, also west, but on the other side of the road :

John Doe, etc., *vs.* Richard Roe, etc.

*Held*, That it was not error in the Court to charge the jury, in effect, that *prima facie* the smallest fraction, and the one immediately west, was intended.

2. The verdict in this case is supported by the evidence, and the Court below having refused a new trial, this Court will not reverse the judgment.

Ejectment. Presumptions. Charge of Court. Before Judge HARVEY. Polk Superior Court. February Term, 1871.

The Rome road runs through Cedartown, nearly from north to south. On the east side of it is lot number one, containing a half acre, which is bounded partly on the west by a small fractional lot, separating it from the road. On the opposite side of the road is another fractional lot, much larger than the first, extending much longer than number one, and having on its other sides Van Wert road and a street laid off but not opened. Ejectment was brought upon the demises of Featherston, Watts and Willingham, against Noyes, who was in possession, for this large fraction. Plaintiff's deeds conveyed number one, in said town, "containing one half acre, more or less, and *fraction lying west of said half acre*," without further description.

Watts, who bought the land from Willingham, testified that the fraction meant by the deed was the large fraction, and undertook to show possession by statute of limitations. On the contrary, the party who sold the land to Willingham testified that the small fraction *immediately* west of number one, was that conveyed by the deed. There was evidence to rebut plaintiff's possession. Each party adduced facts to support his construction of the deed.

Among other things, the Court charged the jury, "if there are two fractions lying west of number one, the one adjoining it immediately, and the other separated from it by the first and other lands, the presumption of law is, that the fraction nearest the lot is meant by the language of the deeds,

and it requires proof to the contrary to rebut that *prima facie* presumption. If, in a deed, a fraction is conveyed, such as lying west of a certain lot without more, and there are two fractions, one small one adjoining the main lot on the west, and one large fraction, as large as the whole lot, not adjoining the lot, but lying further off, the presumption of law is that such loose, general description was not intended to convey a large and important piece of land, but applies to the small fraction and not to the large one. It may, however, be overcome by proof in such a case as this."

The jury found for the defendant. · Plaintiff moved for a new trial, upon the grounds that the verdict was contrary to the evidence and certain other charges of the Court, and that said charge was wrong. The Court refused a new trial, and error is assigned on said grounds.

THOMPSON & TURNER; WRIGHT & FEATHERSTON; E. N. BROYLES, for plaintiff in error.

H. BLANCE; UNDERWOOD & ROWELL, for defendant.

McCAY, Judge.

1. We see no error in the judgment of the Court below in refusing a new trial. That part of the charge which declares the presumption to be that the land west of No. 1 means that immediately west is, in truth, nothing but a construction by the Court of the deed. That part of the charge which declares that, if there be two pieces of ground west, one very small and one of a size approaching the body mentioned in the deed, the law presumes the smaller one to be intended, is not exactly a rule of law, but it is a rule of common sense, and we see nothing so out of the way in it as to require a new trial for that reason only.

2. Nor do we think the verdict contrary to the evidence. It is very clear that Willingham knew exactly how these lots and fractions stood. He had bought No. 1 and the

fraction soon after the survey, and when he made the bond he probably had his deed from the proprietors before him. It would, in fact, be a very strange and unusual proceeding to convey the fraction on the other side of the road by saying it was a fraction west of No. 1, especially if we remember that it was nearly, if not quite, as large as No. 1. In a town where the lots are laid off in small parcels, with streets and alleys, such a description of a lot on the other side of a street would be *very strange ;* so strange that, to satisfy our minds that such was the intention, far stronger evidence is necessary than appears here. So far from thinking the verdict contrary to the evidence, we agree with the jury that the case is with the defendant.

Judgment affirmed.